**FILED**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

APR 30 2008
Apr 30, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

BANKS )
    Plaintiff, )
                                )   Case No. 08 CV 1044
vs. )
                                )   Judge John A. Nordberg
PEOPLE OF THE STATE )
    OF ILLINOIS, et al )   (Removal from Cook County;
    Defendants. )   State Case No. 06 CR 2566601;
                                )   State Presiding Judge Wm. Lacy)

## NOTICE OF FILING

TO:

DOROTHY BROWN, CLERK            COOK COUNTY STATE'S ATTY.
CIRCUIT COURT OF COOK CTY.
2650 S. California   Room 526        2650 S. California
Chicago, Illinois   60608              Chicago, Illinois   60608

     **PLEASE TAKE NOTICE** that the undersigned, Larry Maurice Banks, named as Plaintiff in the above-captioned action, has caused the following documents to be filed in the above-captioned action, true and correct copies of which are herewith provided:

1. **REQUEST TO TAKE JUDICIAL NOTICE; and**
2. **NOTICE OF FILING.**

Date: April 25, 2008

                                                          _/s/ Larry Maurice Banks_
                                                      Larry Maurice Banks, in want of counsel
                                                      Larry Maurice Banks, Inc.
                                                      c/o Elgin Mental Health Center    Unit F
                                                      750 South State Street
                                                      Elgin, Illinois  60123

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BANKS<br>　　　　Plaintiff,<br><br>vs.<br><br>PEOPLE OF THE STATE<br>　　　　OF ILLINOIS, et al<br>　　　　Defendants. | Case No. 08 CV 1044<br><br>Judge John A. Nordberg<br><br>(Removal from Cook County;<br>State Case No. 06 CR 2566601;<br>State Presiding Judge Wm. Lacy) |

## PROOF OF SERVICE

TO:

DOROTHY BROWN, CLERK
CIRCUIT COURT OF COOK CTY.
2650 S. California   Room 526
Chicago, Illinois   60608

COOK COUNTY STATE'S ATTY.

2650 S. California
Chicago, Illinois   60608

The undersigned Larry Maurice Banks does hereby certify under the penalty of perjury pursuant to 28 U.S.C. § 1746 that he has caused the above-named individuals to be served by causing copies of the following documents to be placed in the U.S. Mails on April 25, 2008, 1st Class Postage Prepaid, and addressed as above indicated:

1. REQUEST TO TAKE JUDICIAL NOTICE; and
2. NOTICE OF FILING.

April 25, 2008

_____
Larry Maurice Banks
Larry Maurice Banks, Inc.



UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
Apr 30, 2008
APR 3 0 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| BANKS | ) | |
| Plaintiff, | ) | Case No. 08 CV 1044 |
| | ) | |
| vs. | ) | Judge John A. Nordberg |
| | ) | |
| PEOPLE OF THE STATE | ) | |
| OF ILLINOIS, et al | ) | (Removal from Cook County; |
| Defendants. | ) | State Case No. 06 CR 2566601; |
| | ) | State Presiding Judge Wm. Lacy) |

## REQUEST TO TAKE JUDICIAL NOTICE

COMES NOW Larry Maurice Banks (the "Undersigned"), named as Plaintiff in the above-captioned action, in want of counsel, and, as, and for a REQUEST TO TAKE JUDICIAL NOTICE pursuant to Rule 201 of the Federal Rules of Evidence ("F.R.E."), and in support thereof shows to the Court as follows:

Concurrent with the instant case, the Undersigned also is before the Honorable Judge Marvin Aspen (Case No. 07 CV 0784) in a civil rights action pertaining to allegations of misconduct on the part of state actors in connection with his state criminal prosecution, which misconduct, among other wrongs, is denying to the Undersigned due process of law. The Undersigned caused to be filed in Case No. 07 CV 0784 a motion styled: MOTION TO DENY DEFENDANTS' MOTION TO STAY PROCEEDINGS, OR IN THE ALTERNATIVE, FOR A CONTINUANCE IN ORDER TO CONSULT WITH NEWLY APPOINTED COUNSEL. The Undersigned hereby requests that this Court take judicial notice of the Undersigned's case before Judge Aspen and the said

1

motion, a true and correct copy of which is attached hereto absent the Notice of Removal attachment to such motion, which Notice of Removal is already before this Court.

In addition, and also concurrent with the instant case, the Undersigned is a third party beneficiary petitioner before the Honorable Judge Hart (Case No. 94 CV 0055) in connection with allegations of violations by the State of Illinois, the Illinois Department of Human Services ("DHS"), and the Elgin Mental Health Center ("EMHC") of such Court's Order entered in or about March 1996. The Undersigned, among other Illinois detainees, is currently being denied the necessary legal resources by the defendants in order to meaningfully access the courts and to "set forth a nonfrivolous claim meeting all procedural prerequisites ... [to get] the courthouse door opened in such a way that it will not automatically be slammed shut on ... [the Undersigned]." Henderson v. Handy, 1996 WL 148040 at *3 (N.D. Ill., March 29, 2996, Hart, J.).

A district court may take judicial notice of a court file in a related case. Cagan v. Intervest Midwest Real Estate Corp., 774 F. Supp. 1089, 1091 (N.D. Ill. 1991). Wherefore, the Undersigned respectfully request the Court take judicial notice of matters herein set forth because of the relatedness of all such referred to cases above.

The Undersigned hereby requests the Court to either issue a Writ of *Habeas Corpus* or other supervisory order to bring the Undersigned before the Court on April 30, 2008, to fully and fairly participate in such previously scheduled status hearing, or, in the alternative, allow the Undersigned telephonic presence pertaining thereto.

_____
Larry Maurice Banks, in want of counsel
Larry Maurice Banks, Inc.

2

RECEIVED
IND. DEFENSE LITIGATION
2008 APR 14 AM 8:56

RECEIVED
APR 14 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

RECEIVED
APR 14 2008
By_____

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BY_____ ) | |
| BANKS ) | |
|     Plaintiff, ) | Case No. 07 CV 0784 |
| ) | |
| vs. ) | Judge Marvin Aspen |
| ) | |
| BIEBLE, et al ) | |
|     Defendants. ) | |
| ) | |

## MOTION TO DENY DEFENDANTS MOTION TO STAY PROCEEDINGS, OR IN THE ALTERNATIVE, FOR A CONTINUANCE IN ORDER TO CONSULT WITH NEWLY APPOINTED COUNSEL

COMES NOW Larry Maurice Banks ("Undersigned" or "Plaintiff"), named as plaintiff in the above-captioned action, in his own proper person, and, as and for a MOTION TO DENY DEFENDANTS' MOTION TO STAY PROCEEDINGS, OR IN THE ALTERNATIVE, FOR A CONTINUANCE IN ORDER TO CONSULT WITH NEWLY APPOINTED COUNSEL, and in support thereof shows to the Court as follows:

### PROCEDURAL POSTURE

Plaintiff is extremely grateful to this Honorable Court for its forbearance while Plaintiff, who is not an attorney, strives to lodge with the Court an acceptable complaint for wrongs perpetrated against him by state actors. The Court has appointed no less than four (4) different attorneys to assist the Undersigned in the instant case to gain redress. To date, none of the appointed counsel have conformed to this Court's order of April 10, 2007, instructing such counsel to file an "amended complaint [that] comports with

appointed counsel's obligations under Rule 11 of the Federal Rules of Civil Procedure." (Minute Order, April 10, 2007.) On or about January 24, 2008, this Court entered a Minute Order that the named Defendants were to be served by the U.S. Marshal's Service a copy of the Undersigned's amended complaint filed in want of counsel on or about January 11, 2008. The U.S. Marshal's service returned summons on all of the named Defendants except Mike Hogan, for whom to date the summons remains unreturned as reflected by the Court docket record.

On or about March 10, 2008, Plaintiff filed for default judgment against the served Defendants for failing to answer the complaint in violation of Rule 12(a)(A)(i) of the F.R.C.P. (See Docket Entry No. 67.) The Undersigned also sought an order from this Court directed to the U.S. Marshal's Service to show cause why they should not be held in contempt of court for failing or refusing to serve Defendant Mike Hogan. (*See* Id. p. 3.) On or about March 11, 2008, Attorney Marc Boxerman filed an appearance on behalf of the served Defendants. On or about April 1, 2008, this Court granted "Individual Officer defendants' motion to extend the time" in which to answer or otherwise plead to the Undersigned's amended complaint, while denying the Undersigned's motion for default judgment and motion to compel the U.S. Marshals to serve Mike Hogan. Mr. Boxerman now brings on behalf of the served Defendants a Motion To Stay Proceedings "until a final disposition is entered in ... [the Undersigned's] related felony criminal proceedings pending in the Circuit Court of Cook County, Criminal Division." (*See* Court Docket Entry No. 85, Defs.' Motion To Stay Proceedings, p. 1.)

<u>REASONS FOR DENYING DEFENDANTS' MOTION</u>

The Undersigned hereby requests that this Court deny the Defendants' Motion To Stay Proceedings for any and all of the following reasons: (i) the state court case has

been removed to federal district court, Case No. 08 cv 1044 (Judge John Nordberg), pursuant to, *inter alia*, 28 U.S.C. §§1443(1), 1446(c)(2); (ii) crucial public records in the Undersigned's state case have been unlawfully removed, destroyed, or otherwise disposed of denying the Undersigned due process of law; (iii) the state trial court's determination that the Undersigned is unfit and his subsequent confinement to the Elgin Mental Health Center ("EMHC") constitutes a scheme or artifice on the part of officers of the state court to silence and discredit the Undersigned's objections to Constitutional violations (*See* Case No. 94 cv 0055 (Hart, J.) recently re-opened due to allegations of abuse by the Illinois Department of Human Services ("DHS") and both the Lake and Cook County Circuit Courts in wrongfully committing litigants as unfit); (iv) involved state actors, including but not limited to officers of the state court, have engaged in bad faith, ill will, and ill motive pertaining to the Undersigned's state criminal prosecution; (v) state actors hope to shield from federal scrutiny criminal wrongdoing on the part of state actors by persuading this Court to stay proceedings in this case; and (vi) the Undersigned believes that Mr. Boxerman has brought the instant motion at this time to gain an unfair advantage and a favorable ruling because the Court has just appointed new counsel, Eric Lifvendahl, for the Undersigned and the Undersigned has had no meaningful or substantial time to consult with him to fully familiarize new counsel with his case. It appears that Mr. Boxerman hopes to gain a favorable ruling from this Court before Mr. Lifvendahl can meaningfully oppose it in an adversarial manner that comports with due process of law.

## DISCUSSION

The Undersigned presents the following discussion pertaining to the foregoing reasons for this Court to deny the Defendants' Motion To Stay Proceedings.

1. Removal

A copy of the Notice of Removal is attached hereto as an exhibit. Judge Nordberg has set a status hearing in connection therewith on April 30, 2008, at 2:30 p.m. (*See* Case No. 08 cv 1044, Docket Entry # 5.) During a hearing on April 4, 2008, in the Undersigned's state criminal case for which the Undersigned was present before the court, the Undersigned was led to believe that the state court proceeding has been suspended because of the removal. Consequently, the Defendants' Motion To Stay Proceedings appears moot.

2. Public Records Missing From State Case File

The Undersigned has on two (2) different occasions (February 22, 2008 and March 24, 2008) acquired certified "true, perfect and complete cop[ies] ... excluding medical records" of his state Case No. 06 CR 25666-01, which certified copies show that the following records, among others yet to be determined, are missing: (i) affidavit of complaint (affidavit of probable cause) pertinent to the charging instrument; (ii) statements from the alleged victim's witnesses; (iii) official reports pertaining to the Undersigned's vehicles ('79 Bronco & '87 Cutlass), which appear to have been stolen while in official custody; (iv) the Undersigned's motion to dismiss charges pertinent to the Undersigned's prosecution initiated without probable cause, in violation of the 4th and 14th Amendments, as well as in bad faith; (v) the Undersigned's May 30, 2007, Motion for Appointment of an Independent Psychiatrist for evaluation pertinent to the fitness trial pursuant to 725 ILCS 5/115-6 (no such evaluation granted and May 30, 2007, motion and letter of transmittal to Clerk is missing); (vi) exculpatory evidence and other discovery; and (vii) other documents the Undersigned has yet to determine.

Of particular importance among the missing documents are those that demonstrate that Prosecutor Mike Hogan initiated the prosecution without probable cause and in bad faith. Upon information and belief, Prosecutor Mike Hogan initiated the prosecution against the Undersigned to cover up sloppy investigation practices and evade the work generally associated with a thorough investigation so that an innocent citizen would not be wrongly accused – which is, in fact, what happened here. Subsequently, involved state actors appear to have caused public documents to be removed from the Undersigned's state case file in an effort to cover up official misconduct and criminal activity on their part.

### 3. EMHC and Cook County Fraudulent Practices

The Undersigned has petitioned as a third party beneficiary Judge Hart's ruling in Case No. 94 cv 0055, whereby the EMHC and the DHS were instructed to conform their facilities to the Constitutional mandate of sufficient legal resources to ensure detainees their fundamental right of access to the courts. Judge Hart has set a motion hearing date of April 23, 2008. Upon information and belief, officers of the state court have combined to wrongfully commit the Undersigned to the EMHC in order to silence and discredit the Undersigned's objections to Constitutional violations and other official misconduct perpetrated by state actors in the Undersigned's state case, as well as deprive the Undersigned of the legal resources necessary to gain access to the courts.

### 4. Plaintiff Is Seeking Both Injunctive Relief & Monetary Damages

Because state actors have instituted a prosecution against the Undersigned without probable cause and in violation of Constitutional safeguards, and have removed, destroyed, or otherwise disposed of public records pertinent in the Undersigned's case that demonstrate such lack of probable cause and Constitutional violations. The

Undersigned has not only sought damages from the served Defendants' but has also sought injunctive relief against Prosecutor Mike Hogan who the Court appears unwilling to enforce its own order to the U.S. Marshal's Service that Mr. Hogan be served. (*See* Amended Complaint filed on January 11, 2008, p.6-7, ¶ 2 under subtitle "Grounds For Monetary Relief.") The Undersigned fears that such oversight by the Court has been induced by state actors in an effort to stay or dismiss the instant proceedings.

The injunctive relief sought by the Undersigned plaintiff is permissible because the state is proceeding in the Undersigned's criminal prosecution under bad faith, ill will, and ill motive as evidenced by the unlawful record tampering with the public files in the Undersigned's state case. The Anti-Injunction Act generally codified at Title 28 of the United States Code, Section 2283 ("28 U.S.C. § 2283") does not bar the relief sought because "great and immediate" irreparable harm or injury is being visited upon Petitioner by state court proceedings motivated by bad faith and ill will thus overcoming the Younger abstention doctrine. *See*, generally, Younger v. Harris, 401 U.S. 37 (1971) (recognizing injunction against ongoing state criminal proceedings under extraordinary circumstances to prevent immediate irreparable injury as an exception to Younger abstention doctrine).

    5. Plaintiff Is Entitled To Both Injunctive Relief & Monetary Damages Sought

The Undersigned is entitled to the requested injunctive relief sought in his complaint because of continuing Constitutional violations in the state court prosecution as set forth in his January 11, 2008, Amended Complaint in the instant case. In "unusual situations in which it is necessary to prevent immediate irreparable injury," a federal court should enjoin an ongoing state criminal proceeding. Arkebauer v. Kiley, 985 F. 2d 1351, 1357 (7th Cir. 1993). A federal injunction can halt the progress of a pending state

criminal proceeding only on a showing of bad faith, harassment, or any other unusual circumstances. Id. at 1358. A showing of bad faith is equivalent to a showing of irreparable injury. Id. A prosecution that has no reasonable expectation of obtaining a valid conviction is bad faith for purposes of the Younger doctrine. Id. Courts have ruled that violations of Constitutional rights constitute "irreparable harm" as a matter of law, such as will justify the grant of a preliminary injunction. Walters v. Thompson, 615 F. Supp. 330, 341 (N.D. Ill., 1985) A continuing violation of Constitutional rights constitutes irreparable injury. Id. The Undersigned is entitled to the requested injunctive relief herein sought because state actors have committed crimes in prosecuting him and continue to violate his fundamental right to counsel and assisting in his own defense.

All state court proceedings in the Undersigned's case are in violation of, *inter alia*, the guarantees of the Sixth Amendment and due process. When the Sixth Amendment is violated the court is without jurisdiction to proceed. Johnson v. Zerbst, 304 U.S. 458, 467-68 (1938). The Undersigned fears that this Court will ratify the apparent criminal activity, judicial and prosecutorial misconduct, and fundamental violations on the part of state actors present on the record in the Undersigned's state court case in violation of, *inter alia*, the federal misprision of felony and dishonest government services statutes, as well as the deprivation of rights under color of law statute. The Undersigned fears this Court will remain silent as to criminal activity on the part of state actors. *See* Irvine v. People of California, 347 U.S. 128, 137-38 (1954) (for the proposition that a federal judge or justice has an affirmative duty to so report deprivations of rights under color of law to the Attorney General). *See*, also Jenkins v. Anderson, 447 U.S. 231, 244 n 5 (1980).

Page 7 of 8

In granting the injunctive relief the Undersigned seeks from this Court, the damages suit can proceed without affecting any state court proceedings since the Undersigned's requested injunctive relief terminates the state criminal court prosecution.

## CONCLUSION

In this Court's Minute Order of April 7, 2008, the Undersigned was given until April 22, 2008, to "respond to defendant City of Chicago's motion to dismiss." The Undersigned fears that Mr. Boxerman's Motion To Stay Proceedings filed on or about April 10, 2008, was submitted in bad faith intended to deprive the Undersigned of his opportunity to respond as the Court granted, as well as an effort to shield state actors from federal scrutiny for official misconduct and criminal activity.

WHEREFORE, the Undersigned respectfully requests the Court deny the Defendants' Motion To Stay Proceedings, or in the alternative, continue the matter until such time as the Undersigned can meaningfully consult with his newly appointed counsel in order for counsel to effectively advocate on the Undersigned's behalf with respect to such motion and in accordance with the advocacy principle befitting American jurisprudence. The Undersigned hereby requests that the Court remind his newly appointed counsel of: (i) his duty under the Professional Rules of Conduct to thoroughly familiarize himself with all aspects of the Undersigned's case so as to effectively advocate for the Undersigned; (ii) his duty under In re Himmel, 125 Ill. 2d 531 (1989) ("Himmel obligations") to report professional wrongdoing; and (iii) his duty of diligence and loyalty to his client.

Respectfully submitted,

_____
Larry Maurice Banks
Larry Maurice Banks, Inc.

[NOTE: Attachment to the original MOTION TO DENY DEFENDANTS' MOTION TO STAY PROCEEDINGS, OR IN THE ALTERNATIVE, FOR A CONTINUANCE IN ORDER TO CONSULT WITH NEWLY APPOINTED COUNSEL filed with Judge Aspen in Case No. 07 CV 0784 is omitted here because such attachment was comprised of a copy of the Notice of Removal already on file in the instant Case No. 08 CV 1044.]