# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer *RRP* | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1044 | **DATE** | 6/4/2008 |
| **CASE TITLE** | Larry Maurice Banks vs. People of the State of Illinois | | |

**DOCKET ENTRY TEXT**

Plaintiff Larry Maurice Banks has filed a "notice of removal," in which he purports to transfer to this court criminal charges pending against him in the Circuit Court of Cook County. Because the federal court has no jurisdiction over ongoing state criminal proceedings, this case is dismissed. Civil case terminated.

■[ For further details see text below.]　　　　　　　　　　　　　　　　　　　　　Notices mailed by Judicial staff.

# STATEMENT

Plaintiff Larry Maurice Banks has filed a "notice of removal," in which he purports to transfer to this court criminal charges pending against him in the Circuit Court of Cook County. The case was initially assigned to Judge Nordberg of this court and transferred to Judge Pallmeyer on April 29, 2008. Because the federal court has no jurisdiction over ongoing state criminal proceedings, this case is dismissed. If this court did have jurisdiction over Mr. Banks's claim, it would be dismissed for the further reason that Mr. Banks has neither paid the filing fee nor filed a petition for leave to proceed without prepayment of the fee.

Mr. Banks's allegations are nearly identical to those he raised in 07 C 7172, a case assigned to Judge Gottschall of this court. Judge Gottschall concluded that she had no subject matter jurisdiction over Mr. Banks's state criminal case and dismissed his petition for removal. Mr. Banks filed another related case still earlier; in that earlier filing, 07 C 547, he attempted to challenge the constitutionality of the state criminal prosecution by means of a petition for mandamus. Judge Guzman dismissed that case for lack of jurisdiction, as well, and the Court of Appeals affirmed the dismissal. These previous lawsuits present yet another reason that this one must be dismissed: The doctrine of claim preclusion (or "res judicata") bars re-litigation of a claim that has already been decided in a prior suit.